UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID YONKOSKY, and
MARY YONKOSKY,

                        Plaintiffs,

      v.

RICKY HICKS, and
HORNISH BROS. INC.,

                        Defendants.

**DECISION
and
ORDER**

**04-CV-756S(F)**

---

APPEARANCES:        PAUL WILLIAM BELTZ, P.C.
                            Attorneys for Plaintiffs
                            STEPHEN R. FOLEY, of Counsel
                            36 Church Street
                            Buffalo, New York 14202

                            SLIWA & LANE
                            Attorneys for Defendants
                            STANLEY J. SLIWA, of Counsel
                            840 Main-Seneca Building
                            237 Main Street
                            Buffalo, New York 14203-2715

## **JURISDICTION**

      This case was referred to the undersigned by Honorable William M. Skretny on September 23, 2004, for nondispositive motions. The matter is presently before the court on Defendants' motion, filed February 21, 2006, seeking to impose sanctions for failure to comply with discovery or, alternatively, an order compelling Plaintiff's compliance with outstanding discovery requests. (Doc. No. 23) ("Defendants' Motion").

**BACKGROUND and FACTS**[1]

Plaintiffs David Yonkosky ("Mr. Yonkosky") and his wife, Mary Yonkosky ("Mrs. Yonkosky") (together, "Plaintiffs"), commenced this personal injury action against Defendants Ricky Hicks ("Hicks"), and Hornish Bros., Inc. ("Hornish Bros.") (together, "Defendants"), on May 11, 2004 in New York Supreme Court, Erie County, seeking monetary damages for personal injuries suffered by Mr. Yonkosky, and loss of consortium by Mrs. Yonkosky, as a result of a motor vehicle accident on August 7, 2003, in Hamburg, New York ("the accident"). Defendants filed an answer to the Complaint on June 18, 2004.

On September 17, 2004, Defendants removed the action to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. On October 18, 2004, Plaintiffs moved to remand the matter to New York Supreme Court, Erie County. (Doc. No. 8). In a Decision and Order filed August 19, 2005 (Doc. No. 18) ("August 18, 2005 Decision and Order"), the motion to remand was denied.

A Scheduling Order filed October 13, 2005 (Doc. No. 21), establishes several relevant deadlines, including November 10, 2005 for mandatory disclosures pursuant to Fed. R. Civ. P. 26(a)(1), May 15, 2006 for fact discovery, May 31, 2006 for motions to compel discovery, June 30, 2006 for expert witness identification, and August 31, 2006 for motions to compel expert witness identification.

On February 21, 2006, Defendants filed the instant motion seeking sanctions against Plaintiffs for failure to comply with discovery requests, including an Omnibus

---

[1] The statement of facts is taken from the pleadings and motion papers filed in this action.

Discovery Demand served on June 18, 2004, prior to the removal of the action from New York Supreme Court, as well as discovery demands served after removal to this court, including Defendants' First Document Production Request, served on October 28, 2004 ("document production notice"), Interrogatories, served on August 31, 2005 ("Interrogatories"), and various requests for medical authorizations (together, "Defendants' discovery requests").  (Doc. No. 23).  Defendants specifically seek as sanctions an order prohibiting Plaintiffs from introducing as evidence at trial any information which Plaintiffs failed to disclose in response to Defendants' discovery requests.  Alternatively, Defendants seek an order compelling Plaintiffs to provide responses to the document production notice, the requested medical authorizations, and answers to the interrogatories, along with an award of the costs incurred in bringing the motion to compel.  Defendants' motion is supported by the attached Affidavit of Stanley J. Sliwa, Esq. ("Mr. Sliwa") ("Sliwa Affidavit"), and Exhibits 1 through 35 ("Defendants' Exh. __").  Among the exhibits are a series of letters by Mr. Sliwa to Plaintiffs' counsel, Stephen R. Foley, Esq. ("Mr. Foley") describing the outstanding discovery demands and memorializing conversations regarding Mr. Sliwa's attempts to procure responses to Defendants' discovery demands both while the action was pending in New York Supreme Court, Defendants' Exhs. 5-12, and after the action was removed to this court.  Defendants' Exhs. 21, 23-35.

In support of Defendants' motion, Defendants explain that Plaintiffs advised by letter dated November 10, 2004 that Plaintiffs would not respond to Defendants' outstanding discovery demands until the motion for remand was decided.  Sliwa Affidavit ¶ 29 and Defendants' Exh. 18.  Nevertheless, Defendants admit that "a limited

amount of discovery did occur" while Plaintiffs' motion to remand was pending before this court, including Plaintiffs' providing several medical authorizations on September 14, 2004. Sliwa Affidavit ¶ 30. Further, Defendants received Plaintiffs' mandatory disclosures pursuant to Fed. R. Civ. P. 26(a) on November 9, 2005. *Id*. ¶ 29. Some medical reports Plaintiffs' counsel obtained from several of Mr. Yonkosky's medical providers, including reports from Dr. Andrew Matteliano who treated Yonkosky following the accident, were also provided by Plaintiffs prior to the instant motion. *Id*. ¶ 31. Nevertheless, when Defendants filed the instant motion on February 21, 2006, Plaintiffs had yet to respond to Defendants' interrogatories, to provide additional medical authorizations, or to complete their responses to Defendants' document production notice. *Id*. ¶ 41.

In response to Defendants' motion, Plaintiffs filed on March 8, 2006, the Affirmation of Mr. Foley in Opposition (Doc. No. 26) ("Foley Affirmation"). Plaintiffs maintained they have complied with Defendants' discovery demands pertaining to Plaintiffs' claims, including providing responses to Defendants' omnibus discovery demands served while the action was pending in New York Supreme Court and, following removal, mandatory disclosure pursuant to Rule 26(a) and numerous medical authorizations. Foley Affirmation ¶¶ 6-7. Plaintiffs stated they "do not dispute or contest that defendants are entitled to the discovery which is outlined in defendants' motion papers," and asserted that on July 5, 2005, Mr. Foley dictated responses to Defendants' document production notice and was of the mistaken belief that such responses had been forwarded to Defendants, leaving outstanding only answers to Defendants' interrogatories and two requested medical authorizations. *Id*. ¶ 8. Mr. Foley averred

that upon reviewing the file in connection with the instant motion, Mr. Foley realized the responses to Defendants' document production notice had not been served upon Mr. Sliwa, but that such responses, as well as responses to Defendants' interrogatories and the additional authorizations, would be forwarded by March 10, 2006.  *Id*. ¶ 9.  Mr. Foley further stated that since Plaintiffs' receipt of Defendants' discovery demands, his involvement in trials in numerous other cases interfered with Plaintiffs' compliance with Defendants' demands, but that "[t]he parties are still operating well within the confines of the Court's scheduling order."  *Id*. ¶ 11.

On March 13, 2006, Defendants filed the Reply Affidavit of Mr. Sliwa (Doc. No. 27) ("Sliwa Reply Affidavit"), attached to with are exhibits A through F ("Defendants' Exh. __").  In their reply, Defendants advised that on March 9, 2006, Plaintiffs' counsel provided responses to the document production notice, and Defendants' Interrogatories, as well as the requested medical authorizations.  Sliwa Reply Affidavit ¶ 4.  Nevertheless, Defendants asserted they are entitled to an order prohibiting Plaintiffs from supporting any claim asserted in the Complaint because of Plaintiffs' conceded failure to timely serve the required discovery responses.  *Id*.  Defendants also maintained that a number of Plaintiffs' answers to Defendants' Interrogatories were incomplete and evasive.  *Id*. ¶¶ 4, 11, 12 and 13.  Specifically, Defendants identified as remaining unanswered 20 interrogatories addressed to Mr. Yonkosky by Defendant Hornish Bros., *id*. ¶ 11, four interrogatories addressed to Mr. Yonkosky by Defendant Hicks, *id.* ¶ 12, and eight interrogatories addressed to Mrs. Yonkosky by Defendant Hicks, *id.* ¶ 13.

At oral argument, conducted on March 29, 2006, the undersigned invited the

parties to file sur-replies as to any remaining issues regarding unanswered interrogatories. March 29, 2006 Minute Entry (Doc. No. 29). Accordingly, on April 7, 2007, Plaintiffs filed the Surreply Declaration of Kevin J. Graff, Esq. (Doc. No. 30) ("Graff Declaration"), in which Plaintiffs conceded that nine of the interrogatories addressed to Mr. Yonkosky by Hornish Bros. remain unanswered, leaving 11 such interrogatories open, that two of the interrogatories addressed to Mr. Yonkosky by Hicks are unanswered, leaving six such interrogatories open, and four of the interrogatories addressed to Mrs. Yonkosky by Hicks remain unanswered, leaving a total of four such interrogatories open. Graff Declaration ¶¶ 6-15. Nevertheless, Plaintiffs assured the court and Mr. Sliwa that Plaintiffs would forward responses to all those interrogatories that Plaintiffs concede were unanswered. *Id*. Plaintiffs also disputed Defendants' contention that Plaintiffs' interrogatory answers were incomplete or evasive. Graff Declaration ¶ 4.

On April 27, 2006, Defendants filed the Responding Affidavit of Stanley J. Sliwa, Esq. (Doc. No. 33) ("Sliwa Response Affidavit"), in which Mr. Sliwa advised that despite Plaintiffs' asserted intention to supplement their interrogatory responses as to those interrogatories Plaintiffs conceded were not answered, Plaintiffs had yet to provide answers. Sliwa Response Affidavit ¶ 19. Thus, according to Defendants, all 32 interrogatories identified in Defendants' as unanswered remain unanswered.

By letter to the undersigned dated October 3, 2006 (Doc. No. 38), Mr. Sliwa again stated that all 32 interrogatories identified in the Sliwa Reply Affidavit as then unanswered remain unanswered. By letter to the undersigned dated October 10, 2006 (Doc. No. 39), Mr. Foley stated that he is "unclear as to what further information Mr.

Sliwa needs to be provided pursuant to prior interrogatories which were served on the plaintiff."

Based on the following, Defendants' motion is DENIED as to the requests for orders precluding Plaintiffs from supporting their asserted claims or from proffering as evidence at trial any information they were required to disclose in response to Defendants' discovery demands; DISMISSED as moot as to the request for an order compelling Plaintiffs to respond to Defendants' document production notice and medical authorizations; and GRANTED as to the request for an order compelling Plaintiffs' compliance with Defendants' outstanding interrogatories; and GRANTED as to Defendants' request for sanctions, *i.e.*, an award of costs, including attorney fees, Defendants incurred in connection with this motion.

## **DISCUSSION**

Pending before the court are 32 unanswered interrogatories Defendants served on Plaintiffs on August 31, 2005. Specifically, unanswered interrogatories posed by Defendant Hornish Bros. to Mr. Yonkosky include Interrogatories No. 6(b) and (c), 7(a), (b), (c) and (d), 8(c) and (d), 11(a) and (b), 12(a) and (b), 13(a), (b) and (c), 15(b), (d), (e) and (f), and 16. Sliwa Reply Declaration ¶ 11 and Defendants' Exhs. A and B. Interrogatories No. 6(b) and (c) seek information as to what future disability Mr. Yonkosky contends his injuries will cause and the identity of any medical provider with whom Yonkosky consulted in responding to the Interrogatory. Interrogatories No. 7(a), (b), (c) and (d) seek information regarding the identity of each health care provider who examined or treated Yonkosky in connection with injuries arising from the accident,

including the identity of each such health care provider, when treatment was provided, the condition for which such treatment was provided, and whether such treatment relieved Yonkosky's symptoms.  Interrogatories No. 8(c) and (d) seek information regarding any hospitalizations of Yonkosky because of injuries sustained in the accident, including the conditions treated during each hospitalization and the nature of such treatment rendered.  Interrogatories 11(a) and (b) seek information as to any diagnostic studies, tests or procedures performed on Yonkosky since the accident, include the nature of and the identity of the person who performed such studies, tests or procedures.  Interrogatories No. 12(a) and (b) seek information regarding the nature of Yonkosky's alleged injuries in accordance with New York Insurance Law § 5102(d), as well as whether Yonkosky alleges to have suffered economic loss in excess of "basic economic loss" as defined under New York Insurance Law § 5102(a)(5).  Interrogatories No. 13(a), (b) and (c) seek information as to what health care Yonkosky is presently undergoing for injuries allegedly caused by the accident, including the identity of such health care provider, the nature of each condition or injury for which care is rendered, and how such condition or injury is related to the accident.  Interrogatories No. 15(b), (d), (e) and (f) seek information as to all employment positions, including self-employment, held by Yonkosky for the five-year period preceding the accident, including the dates of employment, the nature of such employment and duties performed, the identity of Yonkosky's immediate supervisors and Yonkosky's rate of pay for such employment.  Finally, Interrogatory No. 16 seeks information as to any hobbies, social activities or other forms of recreational activity which the injuries Yonkosky sustained in the accident have caused him to limit or cease.

The unanswered interrogatories posed by Defendant Hicks to Mr. Yonkosky include Interrogatories No. 8(b) and (c), 13 and 16.  Sliwa Response Affidavit ¶ 12 and Defendants' Exhs. C and D.  Interrogatories No. 8(b) and (c) seek information as to any witnesses to the accident, including the occupation and employer of such witnesses and any written or recorded statements.  Interrogatory No. 13 asks whether Mr. Yonkosky claims he will sustain any economic loss as a result of the injuries and conditions caused by the accident.  Interrogatory No. 16 seeks identification of any written or recorded report, account or description of the accident.

The unanswered interrogatories directed by Defendant Hicks to Mrs. Yonkosky include Interrogatories No. 3(c), (d), (e) and (f), 5(c), (d) and (e), and 6.  Sliwa Response Affidavit ¶ 13 and Defendants' Exh. E.  Interrogatories No. 3(c), (d), (e) and (f) seek information as to any hobbies, social activities or other forms of recreational activity which the injuries Mr. Yonkosky sustained in the accident have caused Mrs. Yonkosky to limit or cease.  Interrogatories No. 5(c), (d) and (e) seek information pertaining to Mrs. Yonkosky's employment for the five year period preceding the accident, including the place and nature of such employment, the duties performed and the name and address of her immediate supervisor.  Finally, Interrogatory No. 6 asks whether Mrs. Yonkosky claims to have lost any time from gainful employment as a result of the accident.

Preliminarily, the court observes that Plaintiffs have not challenged by timely served objections the outstanding interrogatories on any ground, including irrelevancy, overbreadth, vagueness, unduly burdensome to answer, or as seeking privileged material; rather, Plaintiffs admit that Defendants are entitled to such information.  Foley

Affidavit ¶ 8.  Despite Plaintiffs' later assertions that some of the information requested is otherwise available to Defendants or is duplicative, Plaintiffs' failure to timely object on those grounds has resulted in a waiver of those objections.  *Cliffstar Corp. v. Sunsweet Growers, Inc.*, 218 F.R.D. 65, 69 (W.D.N.Y. 2003) (citing Fed. R. Civ. P. 33(b)(4) (objections to interrogatory request waived unless served with answers within 30 days service of the interrogatory unless such failure excused for good cause shown) and *Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 236-37 (W.D.N.Y. 1998) (same)).  As such, the court turns its attention to the sanctions requested by Defendants in connection with the instant motion.

Fed. R. Civ. P. 37 ("Rule 37") provides for a party, upon reasonable notice to other parties, to move for an order compelling discovery or disclosure in response to discovery demands including interrogatories and demands for documents.  Fed. R. Civ. P. 37(a)(2).  The motion must include a certification that the movant has engaged in a good faith effort to secure the requested discovery without court action.  *Id*.  For purposes of Rule 37, "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(3).

In the instant case, Defendants request various types of relief, including (1) an order pursuant to Rule 37(b)(2)(B) and (d) prohibiting Plaintiffs from supporting the claims advanced in the Complaint; (2) an order pursuant to Rule 37(b)(2)(B) and (d) prohibiting Plaintiffs from utilizing, as evidence at trial, any information Plaintiffs were required to have disclosed in response to the document production notice as well as evidence derived from any medical authorizations which have yet to be produced; (3) alternatively, an order pursuant to Rule 37(a)(2)(A) compelling Plaintiffs to provide a

response to the document production notice as well as the medical authorizations requested and awarding applicable expenses as sanctions pursuant to Rule 37(a)(4)(A); and (4) an order pursuant to Rule 37(a)(2)(B) compelling answers to the outstanding interrogatories, along with, pursuant to Rule 37(a)(4)(A), an award of costs and attorney fees incurred in connection with this motion.  Insofar as Defendants request an order compelling Plaintiffs to provide responses to the document production notice as well as the requested medical authorizations, Defendants have conceded that such information has been received and, thus, Defendants' motion, to this extent, is DISMISSED as moot.  Sliwa Reply Affidavit ¶ 4.  The court thus addresses Defendants' remaining requests directed to Defendants' numerous outstanding interrogatories.

Rule 37(b) provides a non-exclusive list of sanctions that the court may, in its discretion, impose on a party who "fails to obey an order to provide or permit discovery . . . ." Fed. R. Civ. P. 37(b)(2).  Among the listed sanctions, and the sanction sought by Defendants in connection with the instant motion, is "[a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence."  Fed. R. Civ. P. 37(b)(2)(B).  The plain language of Rule 37(b), however, "requires that a court order be in effect before sanctions are imposed. . . ."  *Salahuddin v. Harris*, 782 F.2d 1127, 1131 (2d Cir. 1986).  *See Daval steel Products v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991) ("Provided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order.").  *See also Buffalo Carpenters Pension Fund v. CKG Ceiling and Partition Company*, 192 F.R.D. 95, 97-98 (W.D.N.Y. 2000) (observing that

"Rule 37(b)(2) only enables the court to sanction a party for failure 'to obey an order to provide or permit discovery . . . .'" (quoting Fed. R. Civ. P. 37(b)(2))). Significantly, prior to Defendants' motion in the instant case, the court has not ordered any party to comply with any other party's discovery demands so as to support sanctions under Rule 37(b)(2).

Defendants, however, move for sanctions not only pursuant to Rule 37(b)(2), but also pursuant to Rule 37(d) which provides in pertinent part

> if a party . . . fails to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Fed. R. Civ. P. 37(d).

As such, pursuant to Rule 37(d), the same sanctions otherwise available under Rule 37(b)(2) for failure "to obey an order to provide or permit discovery" are made available absent a court order directing discovery and, thus, would seem at first glance to apply in this case.

The Second Circuit, however, has instructed that "subdivision (d) of Rule 37 applies only where there has been a <u>complete</u> failure to comply with discovery." *Israel Aircraft Industries, Ltd. v. Standard Precision*, 559 F.2d 203, 208 (2d Cir. 1977) (holding dismissal of action pursuant to Fed. R. Civ. P. 37(b)(2)(C) was unwarranted where plaintiffs appeared and testified at deposition, albeit, not with the desired specificity defendants anticipated) (underlining added). *See Zappala v. Albicelli*, 954 F.Supp. 538, 548 (2d Cir. 1997) (denying discovery sanctions under Rule 37(d) where despite defendant's four-month delay responding to interrogatories, record indicated defendants

made good faith effort to comply with plaintiff's voluminous discovery requests and did not completely fail to answer interrogatories but, rather, such answers were timely under the pretrial case management order).  In the instant case, the record establishes that despite Plaintiffs' delay in timely responding to all of Defendants' discovery demands, Plaintiffs have not completely failed to do so.

Specifically, Defendants have provided Plaintiffs with responses to Defendants' document production notice, the requested medical authorizations, as well as answers to many of the Interrogatories.  Sliwa Response Affidavit ¶ 4.  Furthermore, although such information was not provided within the 30-day period anticipated by Rules 33(b)(3) and 34(b), it was provided, albeit after the filing of Defendants' motion, prior to the May 15, 2006 discovery cut-off established in the October 13, 2005 Scheduling Order.  Nor do Defendants claim to have suffered any prejudice as a result of the delay.  For example, Defendants do not contend some of the requested information could not have been obtained during Plaintiffs' depositions.  As such, Defendants' request for sanctions pursuant to Rule 37(d) is DENIED.  Nevertheless, Defendants' request for an order pursuant to Rule 37(a)(2)(B) compelling Plaintiffs to provide answers to the Interrogatories which Plaintiffs do not contest remain, to date, outstanding, is GRANTED.

As to Defendants' request for an award of costs, including attorney fees, incurred in connection with the instant motion, Rule 37 provides

> if the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including

> attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4).

Significantly, in the instant case, Plaintiffs have failed to justify their continued failure to provide answers to the outstanding Interrogatories and the court perceives that much of the delay in discovery is attributable to an unnecessary degree of apparent animosity between the attorneys, which was evident at oral argument.  Nevertheless, the Supreme Court has explained that prior to 1970, Rule 37

> required a court, after granting a motion to compel discovery but before imposing sanctions, to find the losing party to have acted without substantial justification.  At that time, courts rarely exercised this authority to impose sanctions.  While the amended Rule retained the substantial justification requirement, the placement of the requirement was changed so that the Rule provided that the district court, upon granting the motion to compel, "shall" impose the sanction unless it found that the losing party's conduct was "substantially justified."  The change in placement signaled a shift in presumption about the appropriateness of sanctions for discovery abuses.

*Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 208 n. 5 (1999) (citing W. Glaser Pretrial Discovery and the Adversary System 154 (1968), and Federal Discovery Rules: Effects of the 1970 Amendments, 8 Colum. J.L. & Soc. Probs. 623, 642 (1972) ("The Advisory Committee reversed the presumption in Rule 37(a)(4) in order to encourage the awarding of expenses and fees whenever applicable.")).

Here, the record is devoid of any circumstances supporting a finding that Plaintiff's repeated failure to timely serve answers to all of the Interrogatories at issue was either "substantially justified" or that making the presumptively required award of costs would otherwise be "unjust."  Rule 37(a)(4)(A).  As such, Plaintiffs' unexplained failure to comply with Defendants' discovery demands requires Defendants be awarded, pursuant to Rule 37(a)(4)(A), the costs incurred in connection with the motion, including

attorney fees.

## **CONCLUSION**

Based on the foregoing, Defendants' motion (Doc. No. 23) is DENIED as to the requests for an order precluding Plaintiffs from supporting their asserted claims or from proffering as evidence at trial any information they were required to disclose in response to Defendants' discovery demands; DISMISSED as moot as to Defendants' request for an order compelling Plaintiffs to respond to Defendants' document production notice and medical authorizations; and GRANTED as to Defendants' request for an order compelling Plaintiffs' compliance with Defendants' outstanding interrogatories; and GRANTED as to Defendants' request for sanctions, *i.e.*, an award of costs Defendants incurred in connection with this motion.  **Defendants are directed to file an affidavit of costs and attorneys' fees incurred in connection with the motion within ten (10) days of receipt of a copy of this Decision and Order; Plaintiffs' opposition, if any, shall be filed within ten (10) days thereafter.  Oral argument shall be at the discretion of the court.**

SO ORDERED.

                                                             /s/ *Leslie G. Foschio*
                                                       LESLIE G. FOSCHIO
                                   UNITED STATES MAGISTRATE JUDGE

DATED:    October <u>31</u>, 2006
               Buffalo, New York